UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re                                   :    Chapter 11

KEYSTONE TRUCK EQUIPMENT, INC.  :

            Debtor                      :    Bankruptcy No. 06-16067bif

_____


..............................................................

ORDER

..............................................................

AND NOW, this 30th day of May 2007, upon consideration of Norfolk

Southern Corporation's "motion for permission to file late proof of claim" and the

Official Committee of Unsecured Creditors' objection thereto,[1]

            And upon consideration of the supporting memoranda of law and the

arguments made therein,

            And after an evidentiary hearing at which time no party in interest offered

any testimony.  The only evidence admitted were copies of the following: the debtor's

statement of financial affairs (Ex. A); the debtor's motion to fix a claims bar date (Ex. B);

a certificate of service (Ex. C); an order dated February 9, 2007 establishing a claims bar

date (Ex. D); a certificate of service of the February 9th order (Ex. E); and a letter from

---

[1]The chapter 11 debtor has no objection to the motion of Norfolk Southern, so long as "all
objections or potential objections to such claim, other than timeliness, [are] reserved."  Debtor's
Answer.

-1-

debtor's counsel to the Prothonotary of Bucks County dated February 16, 2007 (Ex. F),

And the debtor filed a voluntary petition in bankruptcy under chapter 11 on

December 22, 2006,[2]

And prior to that date, Norfolk Southern had commenced a lawsuit against

the debtor, in the Court of Common Pleas, Bucks County, No. 0509563-28-2, which suit

was still pending at the time of the bankruptcy filing.  See Ex. A (at 2, question 4),

And pursuant to Interim Fed. R. Bankr. P. 3003(c)(3),[3] in chapter 11 cases a

bankruptcy court must set a claims bar date.  (This differs from chapter 7, 12 and 13

cases, where Rule 3002(c)(1) automatically sets the bar date at "90 days after the first

date set for the meeting of creditors."),

And, upon motion of the debtor, this court set the proof of claims bar date at

March 26, 2007, via order dated February 9, 2007 (Ex. D, "bar date order").  The bar date

order also directed the debtor to "provide adequate notice of the bar date to all creditors,

interest holders and other parties in interest on or before February 15, 2007."  Ex. D; see

---

[2]I take judicial notice, under Fed. R. Evid. 201 (incorporated into bankruptcy cases by
Fed. R. Bankr. P. 9017), of the docket entries in this case, as well as the proof of claims register.
See, e.g., In re American Rehab & Physical Therapy, Inc., 2006 WL 1997431, at *18 (Bankr.
E.D. Pa. 2006); In re Senior Cottages of America, LLC, 320 B.R. 895, 903 (Bankr. D. Minn.
2005); In re Townsville, 268 B.R. 95, 99 n.3 (Bankr. E.D. Pa. 2001); see generally In re Indian
Palms Associates, Ltd., 61 F.3d 197 (3d Cir. 1995).

[3]In light of the passage of the Bankruptcy Abuse Prevention and Consumer Protection Act
of 2005, and until official procedural rules are adopted under the Rules Enabling Act, the Judicial
Conference has recommended the adoption of "Interim" procedural rules.  See In re Kibbe, 361
B.R. 302 (B.A.P. 1st Cir. 2007).  This district has accepted that recommendation.

Interim Fed. R. Bankr. P. 2002(a)(7) (the court may direct the clerk or some other person

to provide all creditors with at least 20 days notice of the claims bar date under Rule

3003(c)),

And this order was docketed by the court clerk on February 12, 2007, as

follows: "Order Setting Last Day To File Proofs of Claim. Proofs of Claims due by

3/26/2007. Government Proof of Claim Deadline: 5/22/2007. It is further ordered that

debtor's counsel shall provide adequate notice of the bar date to all creditors, interest

holders and other parties in interest on or before February 15, 2007."  Docket entry # 59,

And on February 14, 2007, the debtor's counsel certified that he provided

notice of the bar date to the parties attached to his certification.  Norfolk Southern is not

listed among the parties served with notice of the bar date.  Ex. E,

And on February 16, 2007, debtor's counsel sent a letter to the Prothonotary

of the Bucks County Court of Common Pleas enclosing a "notice of filing bankruptcy" in

case No. 05-09563, captioned Norfolk Southern Corp. v. Keystone Truck Equipment.

The notice stated that the defendant had filed a chapter 11 petition with this bankruptcy

court on December 22, 2006, and included the bankruptcy case docket number.  Ex. F.  A

copy of this letter was sent to counsel for Norfolk Southern.  Id.  This letter and the

accompanying notice make no mention of the claims bar date,

And Norfolk Southern did not file a proof of claim by the March 26

deadline.  Instead, on April 6, 2007, it filed a proof of claim as a general, unsecured

-3-

creditor in the amount of $334,095.05.  <u>See</u> Claims Register, No. 32,

And on March 29, 2007, Norfolk Southern filed a motion to terminate the

bankruptcy stay so that it might prosecute its state court action against the debtor.  <u>See</u>

Docket Entry # 89,

And on April 6, 2007, eleven days after the proof of claim bar date, Norfolk

Southern filed the instant motion seeking leave to file its proof of claim out of time.  In

support thereof, Norfolk Southern asserts that it did not receive notice of the proof of

claim deadline in accordance with Federal Rule of Bankruptcy Procedure 2002; therefore,

this creditor maintains, its failure to file a timely proof of claim was the result of

excusable neglect,

And a bankruptcy court may permit a creditor to file a proof of claim after

the bar date has expired if the creditor can demonstrate that its failure to file a timely

proof of claim was the result of excusable neglect.  <u>See</u> Fed. R. Bankr. P. 9006(b)(1);

<u>Pioneer Investment Services Company v. Brunswick Associates Limited Partnership</u>, 507

U.S. 380, 388 (1993),

And to determine whether excusable neglect exists, the court takes into

"account all relevant circumstances surrounding a party's failure to file."  <u>Chemetron</u>

<u>Corp. v. Jones</u>, 72 F.3d 341, 349 (3d Cir. 1995).  This analysis includes consideration of:

> the danger of prejudice to the debtor, the length of the delay
> and its potential impact on judicial proceedings, the reason for
> the delay, including whether it was within the reasonable
> control of the movant, and whether the movant acted in good

faith.

Id. at 349,

And the claimant, Norfolk Southern, has the burden of proving that the

claim was not timely filed due to excusable neglect.  See Jones v. Chemetron Corp., 212

F.3d 199, 205 (3d Cir. 2000),

And the creditors' committee contends that Norfolk Southern, having been

given notice of the bankruptcy filing by the debtor's February 16th letter, had a duty to

check the bankruptcy court docket and to discover thereon the deadline for filing claims,[4]

And in the context of a business reorganization, that contention was

rejected under the former Bankruptcy Act:

> Nor can the bar order against New York be sustained because
> of the city's knowledge that reorganization of the railroad was
> taking place in the court. The argument is that such
> knowledge puts a duty on creditors to inquire for themselves
> about possible court orders limiting the time for filing claims.
> But even creditors who have knowledge of a reorganization

---

[4]The committee cites only to Williams v. Edison Bros. Stores, 1998 U.S. Dist. Lexis 18110 (E.D. Pa. 1998), in support of this proposition.  In reviewing that decision, I find it inapposite.

The Williams decision did not concern a request to file a late proof of claim.  It involved a summary judgment motion filed by a defendant in a civil action, in which the defendant asserted the affirmative defense of its prior bankruptcy discharge.  The plaintiff responded that its claim was not discharged because, although it knew of the defendant's bankruptcy filing, it did not receive notice of the claims bar date.  The district court rejected plaintiff's argument, noting that it could have easily discovered the bar date.  It also observed that "The Doctrine of Excusable Neglect could have saved Plaintiff's claims against Defendant Stores", had the issue been raised in the bankruptcy case.  Id. at *11-*12.

Thus, Williams does not hold that a creditor who has notice of the bankruptcy filing but no notice of the bar date cannot establish excusable neglect and thus gain leave to file its claim out of time.

> have a right to assume that the statutory 'reasonable notice'
> will be given them before their claims are forever barred.
> When the judge ordered notice by mail to be given the
> appearing creditors, New York City acted reasonably in
> waiting to receive the same treatment.

City of New York v. New York, N. H. & H. R. Co., 344 U.S. 293, 297 (1953); accord

In re Harbor Tank Storage Co., 385 F.2d 111, 115 (3d Cir. 1967) ("And the fact that a

creditor knows of the initiation of reorganization proceedings does not of itself place a

burden on the creditor to file an appearance or claim in the proceeding before receiving

notice to do so: a creditor has every right to assume that he will be sent all the notices to

which he is entitled under the Act."),

And this reasoning has carried over to issues under Rule 9006's "excusable

neglect" standard under the current Bankruptcy Code.  Thus, courts have held that the

creditor's failure to receive actual notice of the bar date can support a late filing of a

proof of claim.  See In re Spring Ford Industries, Inc., 2003 WL 21785960, at *2-3

(Bankr. E.D. Pa. 2003) (holding that a creditor with knowledge of a bankruptcy case does

not have a duty to inquire about the claims bar date); In re Joseph B. Dahlkemper Co.,

Inc., 170 B.R. 853, 861 (Bankr. W.D. Pa. 1994) ("Actual knowledge of the bankruptcy

proceeding does not impose a duty upon the creditor to inquire about the bar date for

filing a proof of claim.  The responsibility does not lie with creditors or claimants to

search out what is required procedurally of them in this regard."),[5]

---

[5]Because Bankruptcy Rules 3002 and 3003 treat the need for filing claims and the
deadline to do so very differently, the official form sent by the court clerk notifying creditors

And the complicated nature of chapter 11—<u>e.g.</u>, not all creditors need to file proofs of claim, <u>see</u> Rule 3003(c)(2) (Interim); governmental creditors can have a different claims deadline, <u>see</u> 11 U.S.C. § 502(b)(9); a different deadline can exist for parties to leases and executory contracts, <u>see</u> Rule 3003(c)(3) (Interim) (incorporating Rule 3002(c)(4)); and the bar date is not automatically set by rule or statute—coupled with the fact that a creditor (and its state court attorney) may have no experience with bankruptcy law, suggests that the absence of court notice of the bar date will often constitute excusable neglect, permitting a late filing,[6]

And in this chapter 11 case, were Norfolk Southern's April 6, 2007 claim now treated as timely filed, it would have little or no effect on the administration of this bankruptcy case. Norfolk Southern filed its claim, along with its motion seeking leave to treat the claim as timely filed, only eleven days after the bar date expired. No disclosure

---

listed by the debtor at the commencement of the case also differs. <u>See</u> Official Bankruptcy Form No. 9 (establishing numerous versions of the "Notice of Commencement of the Case").

In a chapter 7 or chapter 13 case, the clerk will send out a notice to creditors that a bankruptcy petition has been filed, which notice will include the date of the creditors' meeting as well as the deadline for filing claims under Rule 3002 (90 days from that meeting date). In corporate chapter 11 cases, the notice that the clerk sends (as was done in this case, <u>see</u> notice docketed on January 5, 2007 at docket entry # 26), states: "Proof of claim must be <u>received</u> by the bankruptcy clerk's office by the following deadline: Notice of deadline will be sent at a later time."

[6]There may be countervailing factors giving rise to an exception, and thus a finding of no excusable neglect. For example, if the creditor was given oral notice by the debtor of the claims bar date, or learned of the deadline from another creditor, that may be sufficient notice. Here, there was no evidence offered concerning any discussions between Norfolk Southern and the debtor or other creditors; nor was there evidence that counsel for Norfolk Southern obtained a copy of the bankruptcy court docket entries prior to the bar date, which entries would have revealed the claims deadline.

statement has been approved, no confirmation hearing has been scheduled, and no chapter

11 plan has been confirmed,

And furthermore, there would be no prejudice to the debtor in treating the

claim as timely, as the debtor no longer opposes such relief.[7]  Norfolk Southern has acted

in good faith; and its delay in filing a claim would be due primarily to lack of notice by

the debtor and lack of knowledge of bankruptcy law,[8]

And, for the reasons stated above, I find that Norfolk Southern's failure to

file a timely proof of claim was the result of excusable neglect under Rule 9006.

Accordingly, Norfolk Southern's motion seeking permission to file a late proof of claim

---

[7]Of course, if Norfolk Southern's proof of claim were allowed, it may reduce the
distribution to other creditors.  That is the reason for the committee's objection.  But such a
reduction could occur in many instances of late filed claims, and is most worthy of consideration
under Rule 9006 when confirmation has already occurred and creditors have acted in reliance
upon the expectation of receiving a previously disclosed dividend (i.e., by voting in favor of the
plan).  See generally In re O'Brien Environmental Energy, Inc., 188 F.3d 116, 126-28 (3d Cir.
1999).
    Here, the debtor is reserving the right to challenge Norfolk Southern's claim (but not on
timeliness grounds).  Thus, the claim ultimately may not be allowed.  I also note that at a prior
hearing involving the termination of the bankruptcy stay, the parties intended to investigate the
possibility of insurance coverage for Norfolk Southern's claim.  If such coverage exists,
allowance of the claim would have no impact upon the distribution made to other creditors.

[8]No evidence was offered to explain the debtor's failure to provide notice of the claims
deadline to Norfolk Southern.

is granted and its claim filed on April 6, 2007 shall be treated as timely filed.  See In re

Spring Ford Industries, Inc.

_____
BRUCE FOX
United States Bankruptcy Judge

copies to:

Douglas J. Smillie, Esq.
Fitzpatrick Lentz and Bubba P.C.
P.O. Box 219
Center Valley, PA 18034-0219

Jessica E. Gensler Lippy, Esq.
Gallagher & Rowan, P.C.
1500 Walnut St., Suite 1600
Philadelphia, PA 19102

Ronald S. Gellert, Esq.
Eckert Seamans Cherin & Mellott, LLC
Two Liberty Place
50 South 16th Street, 22nd Floor
Philadelphia, PA 19102